UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TAMMY R. LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 11-228-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On August 7, 2012, the Court granted, in part, Plaintiff Tammy R. Lamb's motion for summary judgment and remanded this action to the Commissioner of Social Security for further administrative proceedings. [Record No. 11] Approximately three months later, Lamb's attorney filed an application for attorney fees under the Equal Access to Justice Act ("EAJA") as the prevailing party. [Record No. 15] For the reasons discussed below, the Court will grant the motion for an award of fees and expenses; however, the fees and expenses will be awarded to Lamb, as opposed to her attorney.

**I.**

Lamb has requested an award of $2,606.25 for 20.85 hours of legal work at an hourly rate of $125.00, and $381.77 in costs. [*Id.*] The Commissioner "does not dispute the issues of prevailing party status, timeliness, substantial justification, or the requested hours or rate."

[Record No. 16, p. 2] However, the Commissioner does object to the request by Lamb's attorney that the award of attorney fees under the EAJA be payable directly to counsel.

The EAJA requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). In particular, the EAJA provides, in relevant part, that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In establishing what constitutes a reasonable attorney's fee, the EAJA provides that:

> The amount of fees awarded under 28 U.S.C. § 2412(d) shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Absent cost of living increases or any "special factors," the statutory cap on attorneys' fees is $125 per hour. *See, e.g., Caremore, Inc. v. NLRB*, 150 F.3d 628, 631 (6th Cir. 1998).

In determining the appropriate hourly rate to be used in calculating attorneys' fees under the EAJA, the court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11


(1984). In determining the market rate, courts examine standard fees in the relevant community. *Id.* at 895. In this case, Lamb has requested an award for 20.85 hours of legal work at an hourly rate of $125.00 per hour.

This Court has previously awarded fees in similar cases at a rate of $125 per hour, noting that most, if not all, judges in the Eastern District of Kentucky recognize that amount as the prevailing market rate. *See Rosentiel v. Comm'r of Soc. Sec.*, 2009 WL 3061996, *2 (E.D. Ky. Sept. 22, 2009). The Court has conducted an independent review of the materials submitted by counsel and concludes that the number of hours sought for the tasks performed (20.85 hours) appears reasonable.

As noted previously, the Commissioner does not object to the amount of costs or fees requested by the Plaintiff.[1] However, the Commissioner asserts that the fees should be paid directly to Lamb, rather than to her attorney. Generally, fees awarded under the EAJA are paid directly to the claimant, unless the claimant assigns the fee award to counsel. 28 U.S.C. § 2412(d)(1)(A); *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). This is because, under the plain language of the statute, the claimant is the "prevailing party," not his or her attorney. *See Astrue v. Ratliff*, ___ U.S. ___, 130 S.Ct. 2521, 2524 (2010).

Lamb's attorney provided the Court with a document entitled "Plaintiff's Affidavit and assignment of EAJA Fee." [Record No. 15-2, p. 1] The Commissioner argues that although

---

[1] The Commissioner points out that costs and expenses are treated differently under the EAJA and are paid out of different funds. 28 U.S.C. 2412(a)(1), (d); *see* Record No. 16, p. 1. The Commissioner requests the Court to explicitly indicate whether the award is for costs and/or expenses to ensure that the amounts for both are properly handled and disbursed.

Lamb's counsel "presented a document executed by [Lamb] that purports to assign future EAJA fees to [her] counsel, that document is not an effective assignment of a claim under the Anti-Assignment Act."[2] [Record No. 16, p. 3]

The Anti-Assignment Act provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). An "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3727." *Renneker v. Astrue*, No. 1:10-cv-386, 2012 U.S. Dist. LEXIS 741, at *2 (S.D. Ohio Jan. 4. 2012); *see also Payne-Hoppe v. Comm'r of Soc. Sec.*, No. 1:11-cv-097, 2012 U.S. Dist. LEXIS 162006, at *6 (S.D. Ohio Mar. 5, 2012). Because the assignment in this case predates any award of EAJA fees, it does not comply with the Anti-Assignment Act. Therefore, the attorney's fees in this case will be payable directly to Lamb. Nothing in this Memorandum Opinion and Order prevents Lamb from subsequently assigning the proceeds to her attorney in accordance with her fee agreement with her attorney.

## II.

The Court will award the amount sought by Lamb as the prevailing party under the Equal Access to Justice Act. However, to the extent the motion for fees and expenses seeks payment directly to Lamb's attorney, that request will be denied. Accordingly, it is hereby

---

[2]The Commissioner further states that the "SSA does not waive the requirements of the Anti-Assignment Act at this time. While SSA might waive those requirements once the court has granted [Lamb] EAJA fees and after the determination of whether [Lamb] owes a debt to the Government has been made, such a decision is reserved for the Commissioner's discretion." [*Id.*]

**ORDERED** as follows:

1.  Plaintiff Tammy R. Lamb's motion for fees and costs [Record No. 15] is **GRANTED**, to the extent that she requests payment of fees and costs be paid to her, as opposed to her attorney. Otherwise, the motion is **DENIED**.

2.  The Plaintiff is awarded fees in the amount of $2,606.25, together with costs in the amount of $381.77 in costs, in accordance with the Equal Access to Justice Act.

This 30th day of November, 2012.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge